# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br><br> V. <br><br> **KARL WAYNE BARTLESON JR.,** <br> Defendant. | **CRIMINAL ACTION NO. 5:17-124-KKC** <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Defendant's Motion for a Judgment of Acquittal, which he filed pro se. [DE 85.] For the reasons stated below, the Court will not consider his Motion, and accordingly, it is hereby **DENIED**.

The Defendant is currently represented and was represented at trial by Jeffery Darling, who served as the Defendant's appointed counsel under the Criminal Justice Act (CJA). On October 11, 2018, a jury found the Defendant guilty of all five counts alleged in the indictment. [DE 84.] On October 19, 2018, the Defendant, acting pro se, moved for a judgment of acquittal under Federal Rule of Civil Procedure 29(c) based on general claims of insufficient evidence and uncorroborated testimony. [DE 85.]

Since the Defendant is represented by appointed counsel, he is not permitted to represent himself in this matter. The Defendant has a constitutional right to be represented by counsel or, alternatively, to represent himself. *United States v. Mosely*, 810 F. 2d 93, 97 (6th Cir. 1987) (citing *Faretta v. California*, 422 U.S. 806 (1975)). He does not, however, have the right to be simultaneously represented by both himself and counsel in the same case. *Id.* at 97-98. The Defendant is currently represented by appointed CJA counsel, attorney Jeffery Darling. [DE 65.] While the Defendant should confer with his appointed counsel, the Court declines to permit him to act through appointed counsel at times while representing himself at others. Accordingly, any requests by the Defendant for Court action, including a Motion for a Judgment of Acquittal, must

come through his appointed counsel. Alternatively, if the Defendant wishes to represent himself, he may terminate his appointed counsel and proceed with his case and sentencing pro se.

Federal Rule of Civil Procedure 29(c) states that "a defendant may move for a judgment of acquittal, or renew such a motion, within fourteen (14) days after a guilty verdict or after the court discharges the jury, whichever is later." The Federal Rules of Civil Procedure further provide that the time limitations in Rule 29 may be tolled if a motion for an extension of time has been filed within the original fourteen (14) day limit. Because the Defendant timely filed his Motion for a Judgement of Acquittal, the Court will consider his Motion sufficient to toll the time limits imposed by Federal Rule of Civil Procedure 29 for an additional fourteen (14) days from the date of this Order. Accordingly, the Defendant will have until January 3, 2019 to file a Motion for a Judgment of Acquittal. The Defendant should confer with his appointed counsel to discuss the merits of any further motions, including a Motion for a Judgment of Acquittal, that will be filed with the Court.

For the reasons stated above, the Court herby **ORDERS** the following:

(1) the Defendant's Motion for a Judgment of Acquittal [DE 85] is **DENIED**;

(2) any further Motion for a Judgment of Acquittal shall be filed with the Court for consideration no later than **January 3, 2019**; and

(3) CJA appointed counsel, Jeffery Darling, shall file on the record whether he will continue to represent the Defendant or if the Defendant will proceed with his case pro se.

Dated December 20, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY