UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 17-124-KKC-CJS-1 |
| | ) | Civil Action No. 23-73-KKC-CJS |
| v. | ) | |
| | ) | |
| KARL WAYNE BARTLESON, JR., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Karl Wayne Bartleson, Jr., initially proceeding *pro se,* filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 228). Bartleson later filed a "Motion to Relate Back to Petitioner's Pro Se Motion to Vacate Sentence; 28 U.S.C. 2255 Pursuant to Federal Rules of Civil Procedure Rule 15(c)." (R. 230). Thereafter, counsel entered an appearance on behalf of Bartleson (*see* R. 231) and then counsel subsequently filed a Motion to File Supplemental Memorandum in Support of 2255 Filing (R. 232). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). Upon consideration, the Court concludes that Bartleson's Motion to Relate Back to include additional information (R. 230) and his Motion to File Supplement (R. 232) will be granted and the United States ordered to respond to Bartleson's § 2255 Motion filings.

In 2018, a jury found Bartleson guilty of five counts related to the distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1). (*See* R. 84). Bartleson was sentenced to a term of imprisonment of 324 months. (*See* R. 124). The Sixth Circuit affirmed Bartleson's convictions but vacated his sentence and remanded for resentencing in light of a miscalculation in his Sentencing Guidelines range. (*See* R. 168). On remand, Bartleson was resentenced to a term of

imprisonment of 288 months. (*See* R. 191). The Sixth Circuit affirmed Bartleson's sentence on December 14, 2021. (*See* R. 209). The Sixth Circuit granted Bartleson's Motion for Extension of Time to File a Petition for Rehearing, *see United States v. Bartleson, Jr.*, No. 20-6164 (6th Cir. Oct. 13, 2021), ECF No. 34, but ultimately denied his Petition for Rehearing on February 16, 2022, *see id.*, ECF No. 36. Bartleson did not file a petition with the United States Supreme Court seeking further review; he had until May 17, 2022, to do so. *See* Supreme Court Rule 13(1), (3) (noting that where applicable, the 90-day period to file a petition for writ of certiorari "runs from the date of the denial of rehearing"). Thus, Bartleson's Judgment became final on May 17, 2022.

Bartleson timely filed his § 2255 Motion on February 17, 2023. (*See* R. 228 at Page ID 1092).[1] Bartleson's initial *pro se* § 2255 Motion filing is not a model of clarity, but he appears to set forth the following grounds for relief on his completed AO Form 243:

- Trial counsel failed to file a motion for a *Franks* hearing and a motion to suppress and appellate counsel failed to present these issues on appeal.

- Counsel failed to argue it was unconstitutional to prosecute Bartleson in federal rather than state court and counsel's failure to do so is also cause and prejudice for a freestanding claim in this regard.

- Counsel failed to challenge the indictment by arguing Bartleson was not charged with a specific drug quantity or overdose enhancement. Although trial counsel did object to the overdoses, counsel failed to move to dismiss on vagueness grounds and/or to file a motion in limine.

- Counsel failed to challenge the Government obtaining cell phone records without a warrant, in violation of the Fourth Amendment.

(R. 228 at Page ID 1081-92).

---

[1] Under 28 U.S.C. § 2255(f)(1), Bartleson had one year, i.e., until May 17, 2023, to file a § 2255 motion. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Although the Clerk did not receive and file Bartleson's § 2255 Motion until March 7, 2023, it is deemed filed on February 17. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying prison mailbox rule to a § 2255 proceeding, which deems a prisoner motion filed on date delivered to proper prison officials for mailing); *see also* Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts.

After using the space on AO Form 243 to list the above grounds, Bartleson also listed additional grounds on an attachment, pointing out that he has several additional issues he has "diligently pursued" throughout his proceedings that he wishes to include in his § 2255 Motion. His additional grounds for relief, listed in their entirety, are:

> The lack of preparation and investigation by counsel;
>
> The failure to argue the lack of empirical data regarding the Career Offender Provision;
>
> That §§ 841, 846 are unconstitutionally vague;
>
> Resentencing counsel's failure to ask this court to stay resentencing so as to allow him to ask the Sixth Circuit to clarify its remand;
>
> Counsel's failure in not challenging the indictment;
>
> And recent changes in the law.

(*Id*. at Page ID 1079). This listing by Bartleson contains no detail and could potentially be subject to dismissal for failure to develop these grounds. *See Mote v. United States,* No. 2:12-cr-234, 2020 WL 401131, at *1 (S.D. Ohio Jan. 24, 2020) ("Rule 4(b) [of the Rules Governing Section 2255 Proceedings in the United States District Court] allows for the dismissal of [§ 2255] motions that state 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Pettigrew v. United States,* 480 F.2d 681, 684 (6th Cir. 1973)); *see also United States v. Branstetter,* No. 6:13-cr-7-DCR-REW-6, 2016 WL 4501431, at *3 (E.D. Ky. Aug. 3, 2016), *report and recommendation adopted,* 2016 WL 4501465 (E.D. Ky. Aug. 26, 2016) ("First, a § 2255 movant must prove her case, and reliance on conclusory statements alone calls for dismissal." (collecting cases)).

In Bartleson's later *pro se* "Motion to Relate Back to Petitioner's Pro Se Motion to Vacate Sentence; 28 U.S.C. 2255 Pursuant to Federal Rules of Civil Procedure Rule 15(c)," he requests leave to offer further factual and legal detail in support of his grounds for relief, arguing the

3

information relates back to his original § 2255 Motion under Rule 15(c). (R. 230). He presents the following additional facts and/or argument:

- Had trial counsel conducted a meaningful investigation, counsel would have sought to suppress insufficient video footage of an alleged exchange between Bartleson and Melina Bailey;

- Trial counsel failed to contest/object to Sheriff Deputy Casey McCoy's testimony as inadmissible hearsay of non-testifying Detective Moses in violation of Bartleson's Confrontation Clause rights;

- Had trial counsel conducted a meaningful investigation, counsel would have sought a *Franks* hearing and moved to suppress video footage evidence;

- Appellate counsel failed to raise these errors preserved by Bartleson's *pro se* filings;

- For sentencing purposes, counsel failed to prepare and object to the testimony of codefendant Young regarding the applicable drug amount for relevant conduct purposes;

- Counsel failed to move to suppress cell phone extraction evidence obtained by the Government without a warrant; and

- Appellate counsel failed to challenge Bartleson's designation as a career offender in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), in that his prior conspiracy conviction is no longer considered a controlled substance offense under the career offender provision.

(R. 230 at Page ID 1099-1100, 1105-07).

To the extent Bartleson's presented information actually constitutes new grounds, he would be precluded from presenting those after the expiration of the one-year limitation period unless the new claims "relate back" to his initial § 2255 Motion. *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). An amendment will relate back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out." Fed. R. Civ. P. 15(c)(1)(B).[2] The

---

[2] The Federal Rules of Civil Procedure apply to § 2255 motions "to the extent that they are not inconsistent with any statutory provisions or [the Federal Rules Governing Section 2255 Proceedings]." Rule 12 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts; *see also United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016).

Supreme Court has interpreted this language to require "original and amended petitions [to] state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). And it has flatly rejected prior circuit courts' interpretation that permitted relation back "so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence." *Id*. at 656. Thus, Bartleson is free to submit additional factual and/or legal information to already asserted grounds, but would be unable to present new grounds as beyond the May 17, 2023, limitation period and therefore untimely.

And then most recently, counsel for Bartleson filed a Motion (R. 232) to file an attached Supplemental Memorandum (R. 232-2). That document offers additional factual and background information along with more legal argument. Those arguments are numerous, including:

- Trial counsel's failure to move in limine and/or assert a confrontation clause objection at trial regarding and to the testimony of Deputy Casey McCoy and not calling Detective Moses as a witness.

- Counsel's failure to move to suppress cell phone data for the phones of Bartleson and codefendant Brian Young, gathered by law enforcement without a search warrant.

- Counsel's failure to challenge at trial and sentencing relevant conduct testimony offered by codefendants Brian Young and Robert Miles.

- Counsel's failure to file a motion for a *Franks* hearing over the search warrant for the residence leased in the name of codefendant Brian Young.

- At sentencing, counsel failed to object to errors in the PSR regarding marijuana drug equivalency, which would have lowered the base offense level.

- Counsel failed to object based on lack of evidence to the 2-point enhancement for Bartleson being categorized as an organizer, leader, manager or supervisor of the criminal activity.

- Counsel failed to challenge Bartleson's career offender status based upon *United States v. Havis,* 927 F.3d 382 (6th Cir. 2019) by arguing his underlying convictions don't fall within the category of drug trafficking or violent offenses to justify the enhancement.

- Counsel failed to object regarding the Government's failure to meet the standard for the amount of drugs for which it asked the Court to hold Bartleson accountable.

- On remand, Bartleson received a lower sentence but the revised PSR still listed him as a career offender, imposed the 2-point enhancement, and used improper drug calculation of marijuana drug equivalency instead of converted drug weight.

- Appellate counsel was asked to challenge career offender status based on *Havis,* which held attempt crimes are not within controlled substance offenses under 4B1.2(b). Bartleson asked for a deep dive on his criminal history and counsel would not do so.

- On direct appeal, counsel failed to adequately argue insufficient evidence for conviction of counts 1, 2, 3, 4 and 5 and failed to challenge the relevant conduct findings used to increase drug weight and enhance base level offense and failed to argue against the 2-point enhancement.

- Cumulative error.

(R. 232-2).

These supplemental assertions by counsel on Bartleson's behalf could potentially suffer the same fate as matters presented by Bartleson in his Motion for Relation Back. But rather than sift through these filings and assertions at the forefront, the Court will permit them to move forward at this time as part of the record, without analysis of whether they are otherwise subject to threshold challenge. That is, the Court will allow the supplemental filings by Bartleson *pro se* and by counsel on his behalf, and the United States can challenge in its responsive filing the extent to which Bartleson has not timely asserted and adequately supported his grounds if it wishes to do so.

Accordingly, **IT IS ORDERED** as follows:

1) Bartleson's "Motion to Relate Back to Petitioner's Pro Se Motion to Vacate Sentence" (R. 230) is hereby **granted.**

2) Bartleson's Motion for Leave to File Supplemental Memorandum (R. 232) with attached Supplemental Memorandum (R. 232-2) is hereby **granted.**

3) On or before **January 21, 2025,** the United States shall respond to or otherwise defend the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 228), as supplemented (R. 230; R. 232-2), in accordance with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4) Upon receipt of this Order, the United States must promptly request any transcripts necessary for its response and move for an order regarding waiver of attorney-client privilege if the Government intends to seek an affidavit from any of Bartleson's former attorneys for its response.

5) Upon filing of the United States' response, the Clerk of Court shall forward the record in this matter to the undersigned for further review. A separate order will be issued setting a deadline for Bartleson to file a reply to the Government's response if he wishes to do so.

Signed this 4th day of December, 2024.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\habeas petitions\general orders\17-124-KKC Bartleson order US resp.docx