# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KARL BARTLESON,<br><br>    Defendant. | CASE NO. 5:17-CR-124-KKC-CJS<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Karl Bartleson's *pro se* motion (DE 241) requesting that the Court correct a "scriveners error" contained in his pre-sentence report ("PSR"). He states that the term "converted drug weight" should have been used instead of "marijuana" as dictated by a 2018 United States Sentencing Commission amendment. He argues that this mistake "has played a significant role in [defendant's] custody level" and that this correction should be made pursuant to Federal Rule of Criminal Procedure 36. However, the Court will deny the defendant's motion.

Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (citation and quotation marks omitted). This means, for example, a typo. *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted). The Sixth Circuit has further provided "that Rule 36 'is not a vehicle

for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself[.]'" *Id.*

Assuming the defendant's underlying assertion to be true, the Court is unconvinced that this error in the PSR is the type of error correctable under Rule 36. Claiming that the probation officer used the incorrect and/or outdated conversion factor term in the PSR asserts more of a legal error than the type of mechanical error outlined by Rule 36. This error, as alleged, requires an understanding of the United States Sentencing Guidelines and its amendments. That is not the type of error "that a clerk or amanuensis might commit[.]" Further, the Court would note that the defendant did not make an objection to this term being used in the PSR before or at the time of sentencing. Because this alleged mistake is not a clerical error capable of revision under Rule 36, the Court cannot grant his motion pursuant to that rule.

Accordingly, the Court hereby ORDERS that the defendant's motion (DE 241) to amend his pre-sentence report is DENIED.

This 6th day of August, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY