# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 5:17-cr-124-KKC-CJS-1** |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| **KARL WAYNE BARTLESON, JR.** | |
| Defendants. | |

This matter is before the Court on Defendant Karl Wayne Bartleson, Jr.'s *pro se* motion to vacate his conviction under 28 U.S.C. § 2255. (R. 228.) In support of this motion, Bartleson has filed a *pro se* "motion to relate back," (R. 230), and Bartleson's counsel has filed a supplemental memorandum. (R. 232.) In accordance with 28 U.S.C. 636(b), this matter was referred to United States Magistrate Judge Candace J. Smith for the issuance of a report and recommendation. Upon review, Judge Smith recommended that the Court deny Bartleson's § 2255 motion. (R. 243.) Bartleson then lodged three objections. (R. 244.) For the following reasons, the Court will overrule Bartleson's objections and adopt the Magistrate Judge's report and recommendation in full.

## I. Background

The facts of this case are summarized at length in United States Magistrate Judge Candace J. Smith's recommendation. (R. 243.) The Court will provide a brief review here.

In 2018, a jury found Bartleson guilty of five counts related to the distribution of fentanyl and heroin, in violation of 18 U.S.C. § 841(a)(1). (R. 84.) Bartleson was sentenced to a term of imprisonment for 324 months. (R. 124.) Upon appeal, the Sixth Circuit affirmed Bartleson's convictions but vacated his sentence due to a miscalculation in his Sentencing Guidelines range. (R. 168.) The case was remanded for resentencing. On remand, Bartleson was resentenced to a term of imprisonment for 288 months, over his objections to the 21 U.S.C. § 851 sentencing enhancement and his designation as a career offender. (*See* R. 180, 191.) Bartleson appealed his sentence again but, this time, the Sixth Circuit affirmed his sentence. (R. 209.) Bartleson also filed a petition for rehearing, which was denied by the Sixth Circuit on February 16, 2022. *See United States v. Bartleson, Jr.*, No. 20-6164, 2022 U.S. App. LEXIS 4291 (6th Cir. Feb. 16, 2022). Bartleson did not file a petition with the United States Supreme Court. Thus, Bartleson's Judgment became final on May 17, 2022. (*See* R. 233 at 2.)

Bartleson timely filed his *pro se* 28 U.S.C. § 2255 motion on February 17, 2023. (R. 228.) On January 22, 2024, he filed a *pro se* "motion to relate back," requesting leave to offer additional support for his § 2255 motion. (R. 230.) Bartleson then obtained council, who filed a supplemental memorandum in support of the § 2255 motion on August 8, 2024. (R. 232-2.) Throughout these filings, Bartleson set forth many arguments in support of his § 2255 motion, some of which will be described further, below.

The Government responded in opposition to the § 2255 motion and its related documents. (R. 236.) Bartleson replied. (R. 239.) Consistent with local practice, Bartleson's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 29, 2025, United States Magistrate Judge Candace Smith issued a report and recommendation, addressing all of the above-listed documents pertaining to Bartleson's § 2255 motion. (R. 243.) Judge Smith recommends that the Court deny the motion on all grounds, and deny the issuance of a certificate of appealability. (*Id.*)

Bartleson filed an objection to the report and recommendation as to three of his arguments. The Court will address each objection in turn.

## II. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a). "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 636-37 (1993)). To prevail on a non-constitutional error, the petitioner must establish that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630

(6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 427 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, the petitioner bears the burden of proving factual assertions by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003)).

Consistent with local practice, the Court refers § 2255 motions to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). This Court performs a de novo review of those portions of the Magistrate Judge's recommended disposition to which the petitioner has objected. *See* 28 U.S.C. 636(b). The Court, however, does not perform a de novo review of the recommended disposition's unobjected-to findings as such is not required. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. Analysis

Bartleson makes three objections to the Magistrate Judge's report and recommendation. All of Bartleson's objections relate to claims of ineffective assistance of counsel. To prevail on these claims, Bartleson must show that "counsel's performance was deficient" *and* that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As to the first *Strickland* component, counsel's performance must have been "outside the wide range of professionally competent assistance." *Id.* at 690. To prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth

4

Amendment." *Id.* at 686. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. "[S]trategic choices made after through investigation of law and facts relevant to plausible options are virtually unchallengable[.]" *Id.* at 690.

As to the second *Strickland* component, prejudice requires evidence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When evaluating prejudice, courts generally must consider the "totality of the evidence before the judge or jury." *Id.* at 695.

Courts need not address both *Strickland* components "if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Failure to File a Suppression Motion and Request a *Franks* Hearing

Bartleson argues that his trial counsel erred by not filing a motion for a *Franks* hearing and a suppression memo on the search warrant used to search the townhome where Bartleson lived ("Bartleson's residence"). (*See* R. 228 at 7; R. 232-2 at 11; R. 147: Brian Young, TR (Trial Day 3) at 7.) Judge Smith disagrees, and notes that Bartleson only specified which warrant he seeks to challenge in the supplemental memorandum filed by Bartleson's retained counsel. (*See* R. 243 at 17.)

5

The Government asserts that Detective Moses with the Boyle County Sherrif's Office supplied an affidavit in support of the search warrant, which averred that a "cooperating witness conducted drug transaction [sic] and purchased a quantity of fentanyl from Carl Bartleson" at Bartleson's residence. (*See* R 236 at 6). The Court issued a search warrant, and the warrant was executed. The Government contends that the only evidence seized from inside Bartleson's residence were baggies, phones, and marijuana. (*Id.* at 6-7 (citing R. 146: Casey McCoy, TR (Trial Day 2) at 88-89).) No fentanyl or heroin was found or seized.

Bartleson's counsel did not file a motion to suppress any evidence seized following the execution of the search warrant.

Judge Smith recommends the Court find that there is no ineffective assistance of counsel claim here because Bartleson did not show that his trial counsel's failure to file the motion to suppress "was not due to strategic trial concerns made after thorough preparation." (R. 243 at n. 4.) Specifically, since the evidence was not suppressed, trial counsel presented a "marijuana trafficking defense" because investigators did not find any fentanyl or heroin in the apartment, only marijuana. (R. 243 at 18 (citing R. 236)).

Bartleson's objection asserts that Judge Smith misconstrued his argument. Instead of taking issue with the trial counsel's strategic choices to not file a motion to suppress the search warrant used for Bartleson's residence, Bartleson alleges his trial counsel failed to challenge omissions made by the detective in the affidavit used to obtain the search warrant in the first place. (R. 244 at 1-2.) Additionally, Bartleson

6

contends that "[t]he evidentiary value gained by the U.S [sic] from the search far outweighed any benefit of a marijuana defense which failed to gain any traction whatsoever with the jury." (*Id.* at 2.)

Distilled down, Bartleson's objection remains an objection to his counsel's defense strategy. "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are improper." *United States v. Davis*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019) (citations omitted). Additionally, Bartleson faced charges for distributing heroin and fentanyl. His counsel used the results of this search to highlight that Bartleson had no heroin or fentanyl in his residence, and to argue that Bartleson only sold marijuana. (*See* R. 146: Colloquy, TR (Trial Day 2) at 113; Jeff Darling, TR (Trial Day 2) at 114.) While the trial strategy ultimately proved unsuccessful, the rationale for such a strategy was reasonable. Accordingly, Bartleson's first objection will be overruled.

## B. Cellphone Evidence

Bartleson next asserts that trial counsel failed to contest "warrantless cellphone evidence" obtained by law enforcement. (*See* R. 232-2 at 6.) Using an administrative subpoena, law enforcement collected call detail records for the cellphone numbers belonging to Bartleson and his two codefendants, Robert William Miles and Brian Geffrey Young. Since Bartleson was accused of being the supplier of the drugs, and Miles and Young were accused of being the actual seller of the drugs,

evidence of Bartleson's frequent contact with Miles and Young was important to the case.

Judge Smith recommends the Court find that challenging the administrative subpoenas would have been meritless and unsuccessful and, thus, would not meet the *Strickland* requirements.

First, Judge Smith explains that Bartleson has not shown that the use of the administrative subpoena was a "search" under the Fourth Amendment because he has not argued why he had an expectation of privacy in his basic cellphone records, including his call and text logs. (R. 243 at 20-21 (citing *Carpenter v. United States*, 585 U.S. 296, 308 (2018); *Smith v. Maryland*, 442 U.S. 735 (1979)).) Thus, Judge Smith concludes, Bartleson has not shown that his Fourth Amendment claim was meritorious.

Second, Judge Smith explains that, because the Government's use of the administrative subpoena was proper, "Bartleson cannot show that the result of the proceeding would have been different had his pretrial attorneys challenged the warrantless 'search' of Bartleson's phones." (*Id.* at 22 (citing *Strickland*, 466 U.S. at 694).) Because there is no prejudice, Judge Smith concludes, there is no ineffective assistance of counsel.

In his objection, Bartleson raises the same arguments that he has already submitted to the Court. (*See* R. 244 at 3.) Additionally, he sets forth conclusory objections without supporting facts. (*See id.* ("Mr. Bartleson takes issue with the courts findings that he did not have a reasonable expectation of privacy to his cell

8

phone records and that society would accept the warrantless examination of their call and text phone records, including their location.")) Because he "merely state[d] disagreements with the magistrate judge's conclusion [and] restate[d] arguments previously presented to the magistrate judge[,]" Bartleson's second objection will be overruled. *See United States v. Davis*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

## C.  Career Offender Status

In his initial § 2255 motion, Bartleson stated as a grounds for relief, without elaboration, "[t]he failure to argue the lack of empirical data regarding the Career Offender Provision[.]" (R. 228.) In his subsequent "motion to relate back," Bartleson seemed to elaborate on this ground by stating "Bartleson was denied effective assistance of counsel on direct appeal when counsel failed to challenge the career offender status due to intervening changes in law in *United States v. Havis*, [927 F.3d 382 (6th Cir. 2019) (*en banc*).]" (R. 230 at 11.)

Bartleson's supplemental filing provided more information. In the section labeled "Errors During the Direct Appeal," Bartleson asserted that he "requested that his attorney challenge his career offender status based upon [*Havis*]." Specifically, Bartleson stated that he "asked his attorney to use the analysis from the Havis opinion to do a deep dive on his criminal history which he believed would lower his sentencing range under the guidelines[,]" but his counsel "failed to act" on this request. (R. 232-2 at 15.)

9

In a later filing, Bartleson conceded that "grounds stated in support of the § 2255 Motion as they relate to errors by Appellate counsel are untimely and most likely do not relate back to the time before the May 17, 2023 deadline." (R. 239 at 5.)

Judge Smith notes that there was no dispute that this argument was untimely, and recommends that the Court deny this ground for relief. (R. 243 at 11 (citing R. 239 at 4).) Despite his previous concession, Bartleson objects to Judge Smith's recommendation.

Bartleson incorrectly asserts that Judge Smith recommends that the Career Offender Status argument should fail based on undeveloped grounds. (R. 244 at 4 (citing R. 243 at 7-8).) Instead, Judge Smith recommends the argument should fail because Bartleson conceded that the objection is "untimely and most likely do[es] not relate back to the time before the . . . deadline." (*See* R. 239 at 5.) The Court agrees. Accordingly, Bartleson's final objection will be overruled.

## IV. Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The reviewing court must indicate which specific issues satisfy the

10

"substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of the claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)).

Bartleson has not made a "substantial showing" as to any claimed denial of rights. The allegations contained in his § 2255 motion challenging his convictions, as well as the associated motions, are meritless. No reasonable jurist would find the Court's determination to be wrong or debatable. A Certificate of Appealability will not be issued.

## V. Conclusion

For the reasons outlined in this Opinion and in the United States Magistrate Judge's Report and Recommendation (R. 243), the Court hereby ORDERS as follows:

(1) Magistrate Judge Candace Smith's Report and Recommendation (R. 243) is ADOPTED as the Court's opinion;

(2) Defendant's objections (R. 244) are OVERRULED;

(3) Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (R. 228) is DENIED with prejudice;

(4) a Certificate of Appealability SHALL NOT BE ISSUED because Bartleson has failed to make a substantial showing of the denial of a constitutional right; and

(5) a Judgment consistent with this Order and the Report and Recommendation will be entered.

This 2nd day of March, 2026.



Signed By:
*Karen K. Caldwell*
United States District Judge